[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR COUNSEL FEES
After the plaintiff's appeal from probate was dismissed by this Court on the defendant's motion, the defendant moved for an award of counsel fees.
The Court does not argue with the defendant's contention that the appeal was taken for delay and out of spite. At no time has this pro se plaintiff enunciated a reasonable basis to support his action and his brief on this application is totally irrelevant to any issue before the Court.
However, the plaintiff's appeal has been dismissed and the Court indicated to counsel for the defendant that it lacked authority to award counsel fees after dismissal. The defendant relies on § 52-400(c) of the Connecticut General Statutes to support its application. The pertinent portion of that section reads:
 "In the discretion of the Court, a reasonable attorney's fee may be allowed to the prevailing party . . . (3) for counsel at any other hearing that is reasonable and necessary for the enforcements of rights pursuant to a postjudgment procedure that is held on a claim that the Court determines was made for the purpose of harassment."
The proceeding before this Court was on the defendant's motion to dismiss. As such, it was not "pursuant to a postjudgment procedure" as required by § 52-400(c).
Should this plaintiff file a motion to re-argue or some other post-judgment motion which the Court finds "was made for the purpose of harassment", this statute would be applicable.
While it appears that the defendant has been victimized by this plaintiff, its remedy is not an application based on this statute.
The application is denied.
Anthony V. DeMayo State Trial Referee CT Page 10253